**Opinion issued February 4, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-00901-CR**

————————————

**DANIEL SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1354971**

---

**MEMORANDUM OPINION**

A jury convicted Daniel Smith of murder, and the trial court assessed his punishment at forty years' confinement. On appeal, Smith contends that the trial court erred in admitting three recorded statements that he made to the police,

claiming that he gave them while in custody without having received the requisite statutory warnings. Finding no error, we affirm.

## Background

In September 2011, a group of police officers approached Smith while he was walking across a street and asked him if he would come with them to the police station. Smith agreed. At the police station, two officers interviewed him in an interview room. He was not handcuffed during the interview. The officers did not give Smith any of the warnings pursuant to article 38.22 of the Code of Criminal Procedure and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a)(2) (West 2005). Approximately seven minutes into the interview, before Smith had made any incriminating statements, one of the officers told Smith that he was not in custody and not under arrest. Smith indicated that he understood. The interview lasted approximately forty–four minutes. At the end of the interview, the officers asked Smith if he would return the next day to participate in a lineup. Smith agreed. After the interview, an officer drove Smith from the police station to Smith's home. The next day, an officer picked up Smith and drove him to the station to participate in the lineup. After the lineup, Smith gave the police two additional statements.

During the jury trial, Smith objected to the admission of his three statements to the police. The trial court conducted a suppression hearing outside the presence of the jury and ruled that the statements were admissible. The State proffered, and the trial court admitted, Smith's three statements at trial.

**Discussion**

Smith contends that article 38.22 of the Texas Code of Criminal Procedure and article 1, section 10 of the Texas Constitution bar the admissibility of the three recorded statements, because he gave them while in custody without having received the requisite warnings.

*Standard of review*

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial court is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Accordingly, we defer to the trial court's determination of historical facts if the record supports them. *Ford*, 158 S.W.3d at 493. We review de novo the trial court's application of the law to those facts. *Id.* "[T]he prevailing party is entitled to 'the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011) (quoting *State v. Garcia–Cantu*, 253 S.W.3d 236, 241

3

(Tex. Crim. App. 2008)). A trial court's ruling will be sustained if it is "reasonably supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

*Analysis*

Article 38.22 of the Code of Criminal Procedure bars the admission of an accused's statement resulting from a custodial interrogation unless he was advised of the enumerated rights and voluntarily waived those rights. TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a)(2) (West 2005); *see also Miranda*, 384 U.S. at 444–45, 86 S. Ct. at 1612; *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The Article 38.22 warnings, however, are required only when a person is in custody. *Herrera*, 241 S.W.3d at 526. A person is "in custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement is restrained to a degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing *Stansbury v. California*, 511 U.S. 318, 322, 114 S. Ct. 1526, 1529–30 (1994)). In evaluating a custody determination, we examine the objective factors surrounding a detention; we do not examine the undisclosed, subjective beliefs of the detaining officer or the accused. *State v. Ortiz*, 382 S.W.3d 367, 372–73 (Tex. Crim. App. 2012). Any undisclosed subjective belief of the accused that he is guilty of an offense should

not be considered; the reasonable person standard presupposes an "innocent person." *Id.* at 373.

The State proffered a video recording of Smith's first statement. Approximately seven minutes into the recording, before Smith had made any incriminating statements, one of the police officers present told Smith that he was not in custody and not under arrest. Smith responded that he understood. After the interview, an officer drove Smith from the police station to Smith's home. This evidence supports the trial court's finding that Smith was not in custody. Because Smith was not in custody, the State did not need to advise him of his *Miranda* rights. *See Herrera*, 241 S.W.3d at 526.

Relying on *Kaupp v. Texas*, Smith contends that a reasonable person in his circumstances would not have believed he was free to leave the police station. 538 U.S. 626, 632, 123 S. Ct. 1843, 1847 (2003). He testified that, as he was walking across a street, several police officers used their cars to trap him, then exited the cars and pointed their guns at him. He testified that the police ordered him to lie down on the ground and handcuffed him. Smith also testified that no one told him that he had the right to leave, contrary to his acknowledgement in the recorded statement. Having seen the recorded statement, the trial court was free to disbelieve Smith's testimony. *See Weide*, 214 S.W.3d at 24–25. The facts in *Kaupp* are distinguishable from the facts here. There, a group of police officers

5

awakened the defendant in his bedroom in the middle of the night and handcuffed him. *Kaupp*, 538 U.S. at 628, 123 S. Ct. at 1845. Here, a group of police officers approached Smith in public and asked him if he would come with them to the police station, and Smith agreed. Given the totality of the circumstances, we hold that the trial court did not err in admitting the first recorded statement.

Smith contends that his second and third statements to the police are inadmissible because they were fruit of the illegally obtained first statement. Because Smith's first statement is admissible, this argument is unavailing. Accordingly, we hold that his second and third statements are also admissible.

## Conclusion

Because Smith was not in custody when he made his initial statement to the police, we hold that the trial court did not err in admitting it or the subsequent statements not otherwise independently challenged. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

6